UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-690-H
and
CIVIL ACTION NO. 3:05CV-691-H

IN RE: ANDREW S. MICKLER, Debtor

ANDREW S. MICKLER                                                                                     PLAINTIFF

V.

TERRY J. MICKLER                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court has before it two appeals arising from the bankruptcy. In the first of the two cases, Appellant appeals the Bankruptcy Court's determination dated April 20, 2005, that his property settlement and maintenance award was nondischargeable under 11 U.S.C. § 523(a)(5) and (a)(15). In the second case, Appellant appeals the Bankruptcy Court's determination dated April 25, 2005, that the debtor's bad faith warranted dismissal of his Chapter 11 proceeding, that the debtor was barred from refiling a petition under Title 11 for 24 months, and that the debts arising from the divorce of the debtor and Terry J. Mickler were forever nondischargeable.

After reviewing the arguments of each side, this Court concludes that the Bankruptcy Court's Memorandum Opinions dated April 20, 2005, and April 25, 2005, were correct in every respect and should be affirmed. The Court believes it is necessary only to review the procedural circumstances and highlight its overall agreement with Judge Joan Cooper's factual and legal conclusions.

I.

Andrew S. Mickler and Terry J. Mickler were married for 22 years beginning on June 4, 1978. Terry filed a petition for dissolution of marriage on April 11, 2000, in Jefferson County Family Court.

The divorce proceedings were vigorously contested and culminated in a trial on April 11, 2002. On January 15, 2003, Judge Bowles entered Findings of Fact, Conclusions of Law and Order requiring, among other things, that Andrew make an equalization payment in the amount of $109,061.50, pay one-half the proceeds of his marital residence and one-half the proceeds of various retirement accounts, pay $7,000 per month for a period of 144 months effective September 1, 2001, and pay Terry's attorney's fees in the amount of $21,841.75. Andrew filed a motion to alter, amend or vacate the order, which Judge Bowles denied on April 3, 2003. Thereafter, Andrew filed a notice of appeal with the Kentucky Court of Appeals.

Because Andrew did not post an appeal bond, the parties continued their fighting while the appeal process ground forward. On May 7, 2003, Terry moved in Family Court for an order of contempt against Andrew for failure to comply with the court's payment order. The court scheduled a hearing on the motion for contempt for April 13, 2003. However, only two days before the hearing Andrew filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. On October 20, 2003, Terry moved to dismiss the bankruptcy proceedings. Prior to a hearing on that motion, the parties agreed to voluntarily dismiss the bankruptcy proceeding with the contention of Andrew paying a reduced maintenance payment pending a decision from the Kentucky Court of Appeals. The court dismissed the Chapter 13 bankruptcy proceeding on January 28, 2004.

A year and a half after Judge Bowles' final order, on April 4, 2004, the Kentucky Court

of Appeals affirmed his findings and conclusions with one exception. The Court of Appeals held that the trial court abused its discretion in failing to specifically designate that the maintenance award could be altered pursuant to KRS 403.250(1) upon a showing of substantial and continuing change of circumstances. Apparently, neither party filed a further appeal.

Several months later, Terry filed a second motion of contempt which was set for a hearing on August 19, 2004. Once again, the day before the scheduled contempt hearing, Andrew filed for bankruptcy, that being the current petition under Chapter 11. He then initiated the dischargeability adversary proceeding on August 24, 2004, alleging that portions of the Family Court order constituting maintenance were unreasonable in light of his financial circumstances. At this point, Andrew had complied with only a few of the requirements of Judge Bowles' original order.

Judge Cooper held a trial on the bankruptcy issues and on April 20, 2005, she issued her first Memorandum Opinion containing extensive factual and legal findings. She concluded that "the amount and duration of the maintenance award was appropriate and reasonable considering the state court's findings of fact with regard to the parties' assets, debts, and resources." Furthermore, she found that based on the evidence presented in her case that Andrew maintained the ability to repay the amount ordered by the state court in full. She addressed Andrew's alleged loss of income, concluding that she could not find as a matter of law that his current financial circumstances prevented him from paying his state obligation. Based on all the evidence presented, Judge Cooper concluded that "grim financial circumstances" that Andrew predicted would not be present in the foreseeable future. Based on all these evidences and conclusions, the Court found that the amount Andrew was ordered to pay does not exceed the

amount he can reasonably be expected to pay. Therefore, the maintenance obligation was nondischargeable under § 523(a)(5).

Five days later Judge Cooper issued a second Memorandum Opinion addressing the continued viability of Andrew's Chapter 11 case. She found that Andrew had been "less than honest and forthcoming in his schedules and statements of financial affairs." After identifying several instances in which Andrew had inflated expenses, minimized income and omitted assets, the court found that "the factual misrepresentation and omissions on the bankruptcy schedules certainly indicated a lack of good faith and constitute cause for dismissal of the debtor's bankruptcy case." The court further concluded that "the debts arising from the dissolution of the marriage between the debtor and Terry J. Mickler may not be discharged in any future bankruptcy case filed by the debtor and the debtor is barred from refiling a petition under Chapter 11 for a period of 24 months."

The debtor/plaintiff, in each instance Andrew Mickler, has appealed both of Judge Cooper's decisions to the district court. The issues are now fully briefed. The district court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Wesbanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 106 F.3d 1255, 1259 (6th Cir. 1997).

II.

In the first appeal, Appellant says that the Bankruptcy Court erred in finding the property settlement and maintenance award to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Appellant argues that the court applied the wrong standard in determining his present ability to pay and that the court must discharge the amount of Appellant's obligation which exceeded what

4

he can reasonably be expected to pay based upon his current and future earning capacity and income. He argues that on his modest budget, even with significant reductions in his expenses, he cannot satisfy the $7,000 monthly payments.

This Court does not believe that the Bankruptcy Court either used the wrong standard or made an incorrect decision from the evidence before it. As both sides point out, three Sixth Circuit decisions govern the matters at issue: *In re Calhoun*, 715 F.2d 1103 (6th Cir. 1983); *In re Fitzgerald*, 9 F.3d 517 (6th Cir. 1993); and *In re Sorah*, 163 F.3d 397 (6th Cir. 1998). In several of these cases the courts cautioned against a revision of reasonableness findings in a contested case or in a case whether the state court has heard all the evidence regarding appropriate alimony, maintenance or support. *See In re Calhoun*, 715 F.2d at 1109, fn. 10; *In re Sorah*, 163 F.3d at 402. This Court believes that the Bankruptcy Court did carefully examine Andrew's current ability to repay the obligations owed to his wife under the Family Court's order. Plenty of evidence supports the Bankruptcy Court's conclusion that "Andrew has the means and ability to repay this amount in full." The Bankruptcy Court was not bound to agree with Andrew's argument that his income would remain low or go even lower and that he would have difficulty making other required payments. Simply because Appellant predicts that he may be unable to make payment of certain obligations in the future does not compel the Bankruptcy Court to believe him based on the available evidence.

The Court finds no grounds to overturn Judge Cooper's decision on appeal.

### III.

In the second case, Appellant argues that Judge Cooper erred by dismissing his bankruptcy petition due to the lack of good faith; that she erred in barring him from refiling his

petition under Title 11 for 24 months; and that she erred in deeming the debts arising from his divorce as forever nondischargeable.  For the following reasons, this Court finds no grounds for reversing these decisions.

A.

As to the first issue, Judge Cooper cited many facts supporting her conclusion that the sole purpose for Appellant to file this bankruptcy petition was to discharge his obligations to his ex-wife.  He did this at the same time that he maintained a lifestyle which involved many expensive discretionary expenditures.  Moreover, this bankruptcy petition, as well as Appellant's previous one, seemed timed to avoid contempt proceedings then proceeding in state court.  Finally, the Bankruptcy Court thoroughly analyzed Appellant's pre and post-petition conduct and found many grounds for bad faith.  This Court finds that the factual statements contained in Judge Cooper's Memorandum provide substantial support for her decision.

After reviewing all this evidence, the Court not only finds an absence of clear error, but in fact finds substantial support for the Court's conclusions.

B.

As a general rule a dismissal of a bankruptcy petition is without prejudice.  11 U.S.C. § 349(a).  However, that section expressly grants the Bankruptcy Court the authority to dismiss a case with prejudice so that a debtor is enjoined from refiling subsequent bankruptcy petitions for a period of time exceeding 180 days.  Here, the Bankruptcy Court enjoined Appellant from refiling his petition under Chapter 11 for a period of 24 months.

Once again, the Court has reviewed the Bankruptcy Court's factual findings.  This Court concludes that not only is there an absence of clear error, but that the evidence strongly supports

the conclusion that Appellant attempted to manipulate the legal system by making false or less than forthcoming filings. All of this evidence supports the Bankruptcy Court's conclusion that Appellant should be barred from refiling his bankruptcy petition within the next 24 months.

C.

Section 349 allows the Bankruptcy Court to dismiss a case with prejudice "thereby preventing the debtor from obtaining a discharge with regard to the debts existing at the time of the dismissed case." *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999) (citing, 3 Collier on Bankruptcy § 349.01, at 349-2, -3 (15th ed. 1997)). The same evidence which supports the Bankruptcy Court's conclusion as to its nonrefiling order also supports its conclusion as to the nondischargeability of his divorce payment obligations. The Bankruptcy Court found that

> Andrew's reckless indifference to the accuracy of his schedules, his manipulation of the legal system and his disregard of the standard Chapter 11 procedures also constitutes cause to except these obligations from discharge in any future bankruptcy cases.

This Court concludes that Judge Cooper's conclusions are reasonable based on the evidence. The Court finds absolutely no reason to overturn those findings on appeal.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the findings of fact and conclusions of law set forth in the Bankruptcy Court's Memorandum Opinion dated April 20, 2005, are AFFIRMED.

IT IS FURTHER ORDERED that the findings of fact and conclusions of law set forth in the Bankruptcy Court's Memorandum Opinion dated April 25, 2005, are AFFIRMED.

IT IS FURTHER ORDERED that both of the appeals of Andrew S. Mickler from the United States Bankruptcy Court for the Western District of Kentucky to this Court are DISMISSED WITH PREJUDICE.

       These are final and appealable orders.

cc:    Counsel of Record
        U. S. Bankruptcy Court